

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

December 16, 1948

Hon. Bascom Giles, Commissioner
General Land Office
Austin, Texas

Opinion No. V-741.

Re: Inclusion of Public
Squares shown on maps
of City of Austin as
Public School Land.

Dear Sir:

We refer to your letter in which you submit the following:

"When the town of Austin was fixed as the capital of the State, Congress on January 14, 1839, directed the townsite to be platted and the property to be sold according to said plat. Said Act has this provision: 'That the said agent, before the sale of said lots, shall set apart a sufficient number of the most eligible for the Capitol, Arsenal, Magazine, University, Academy, Churches, Common Schools, Hospital, Penitentiary, and for all other necessary public buildings and purposes.' In compliance therewith, the plat as made and which is on file in this office shows that a number of tracts designated as 'Public Squares,' "Churches,' 'Hospital,' and 'Armory' and some others were not subdivided into lots. The same were not sold.

"Since that time, some of these blocks have been, by the Legislature, sold to the City of Austin, and some of them have been used by the State on which to erect public buildings.

"Among other blocks designated as 'Public Square' as revealed by said plat is the

block lying between Trinity and Nueces and 4th and 5th Streets.  The South half of the block is vacant and lies along the railroad tract, and so far as our records show, never been used for any purpose and is very valuable trackage property.  The North half of said block is now occupied, partly by the O. Henry Museum and partly by one of the fire stations of the City of Austin.

"Another block lies between San Antonio and Guadalupe and 4th and 5th Streets and is entirely vacant.  This is also very valuable business property.

"So far as the records of this office show, the Legislature has never disposed of any portion of said two blocks above described.  We wish you would kindly investigate the matter and let us have your opinion as to whether these two said tracts of land, or any portion thereof, belong to the Public School Fund and if so, can same be disposed of as Public School Land."

In final analysis you ask if blocks of land shown on the Land Office map of the City of Austin, as public squares in said city, have passed to the public school fund and become subject to sale as such.

Court houses, jails, streets, and public squares are not mentioned in the law of 1839 to which you refer, but all such uses were therein authorized by the language "other necessary public buildings and purposes."

An Act of the 26th Legislature, First Called Session, 1900, recites that "for the purpose of adjusting and finally settling the controversy between the permanent school fund and the State of Texas, growing out of the division of the public domain, there is hereby set apart and granted to said school fund four million, four hundred and forty-four thousand and one hundred and ninety-five acres, or all of the unappropriated public domain remaining in the State of Texas of whatever character, and wheresoever located, including lands hereafter recovered by the State."

The maps and records in the General Land Office show that the public squares mentioned in your inquiry are part of a grant titled by the Mexican Government to Thomas J. Chambers on June 20, 1835. The Chambers title was held by the Supreme Court of Texas, in the case of Chambers v. Fisk, 22 Tex. 504, to be a valid grant. In 1925 the State of Texas settled with the Chambers heirs for $20,000.00. Therefore these public squares have never been unappropriated public domain at any time since they were acquired by the State.

These public squares were specially reserved and set aside as such as authorized by the Congress of the Republic of Texas as they are shown on said map, and recognized by the State of Texas.

In Roberts v. Terrell, 101 Tex. 577, 110 S.W. 733, the Supreme Court said:

"Having once specifically reserved as set apart or withdrawn certain lands from such appropriation, it is not to be supposed that by subsequent legislation the Legislature intended to authorize the appropriation of them unless such intention is clearly expressed; and it has therefore been held in a great number of cases in this State and elsewhere that general laws authorizing locations or entries upon and surveys of public lands, or public domain or vacant land do not apply to lands that have previously been so appropriated, reserved, set aside or withdrawn."

See also Taylor v. Hoya, 29 S.W. 540; Keuchler v. Wright, 40 Tex. 600, 606; State v. Delesdenier, 7 Tex. 108; and Ray v. State, 153 S.W. (2) 660.

The fact that the Legislature has always disposed of the reserved tracts within the City of Austin by Special Act clearly indicates its belief that such tracts were not included in the Settlement Act. In this connection see: Acts 1911, 32nd Leg. 1st C.S., Ch. 18, p. 105; Acts 1913, 33rd Leg., Ch. 34, p. 66; Acts 1913, 33rd Leg., Ch. 23, p. 43; Acts 1929, 41st Leg., Ch. 259, p. 535; Acts 1929, 41st Leg., Ch. 312, p. 695; Acts 1929, 41st Leg., 3rd C.S., p. 239, Ch. 7; Acts 1929, 41st Leg., 5th C. S., Ch. 60, p. 205, HCR No. 91, Acts 1941, 47th Leg., p. 1508; Acts 1945, 49th Leg., Ch. 44, p. 64.

We are of the opinion that the two blocks of land shown on the 1839-1840 maps of the City of Austin as public squares do not belong to the Public School Fund and may not be disposed of as such. Their disposal or dedication to the Public School Fund for future sale is matter wholly within the province of the Legislature.

## SUMMARY

Public squares shown on the 1839-1840 maps of the City of Austin do not belong to the Public School Fund and may not be sold as such. Their disposition is a matter wholly within the province of the Legislature.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By W. T. Williams
Assistant

WTW:wb

APPROVED:

ATTORNEY GENERAL